IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## TALMAGE CRUMP v. KIMBERLY BELL

**A Direct Appeal from the Circuit Court for Shelby County**
**No. 85116-6      The Honorable George H. Brown, Jr., Judge**

---

**No. W1999-00673-COA-R3-CV - Decided July 12, 2000**

---

This is a personal injury case.  Plaintiff filed a complaint and issued summons, which was returned "not to be found."  Plaintiff issued an alias summons which was also returned "not to be found."  Plaintiff issued pluries summons more than one year after the return of the alias summons. The trial court dismissed plaintiff's case for failure to comply Rule 3, Tenn.R.Civ.P.  Plaintiff asserts that defendant is equitably estopped from relying upon Tenn.R.Civ.P. 3, because of action of defendant's liability insurance carrier leading him to believe that the defense would not be raised upon which he relied to his detriment.  The trial court found no estoppel, and plaintiff has appealed.

**Tenn.R.App.P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**

CRAWFORD, P.J., W.S., delivered the opinion of the court, in which HIGHERS, J., and LILLARD, J., joined.

James T. Allison, Memphis, For Appellant

Craig Creighton Conley, Robert L. Moore, Memphis, For Appellee

### OPINION

Plaintiff, Talmage Crump, appeals the order of the trial court dismissing his complaint against defendant, Kimberly Bell.

Crump sustained personal injuries in an automobile accident with Bell that occurred on February 14, 1996.  Bell carried liability insurance with State Farm Mutual Insurance Company.  In August, 1996, Crump retained attorney James T. Allison to represent him in his claim for personal injuries, and by letter dated August 12, 1996, Allison informed Lynn Jewel, an adjuster for State Farm, that he represented Crump.  Because plaintiff was still undergoing treatment in the fall of 1996, Allison told Jewel that he needed to file a lawsuit against the defendant to stop the statute of limitations from running, and they agreed to continue to negotiate without an answer being filed. Suit was filed on February 11, 1997, and the summons that was issued on that same date was returned, "not to be found" on February 12, 1997.  An alias summons was issued on July 10, 1997 and was returned "not to be found" on July 23, 1997.

The plaintiff was still having difficulty from his injury in April, 1997, and Allison wrote Jewel requesting that she please have an answer filed so the case could be moving toward a trial date, if necessary. Jewel replied to Allison that she had not heard from her insured, and Allison checked with the court clerk's office and found that there had been a "not to be found return" on the original summons, and that is when he filed the alias summons on July 12, 1997.

In September, 1997, Eva Myers, another State Farm adjuster, wrote Allison to inform him that the case had been assigned to her, and Allison sent plaintiff's current medical expenses to Myers. On December 4, 1997, Allison sent Dr. D. J. Canale's report to Myers and advised her that plaintiff had missed time from work. The medical expenses at that time were $3,631.00, and lost wages amounted to $1,664.00. On behalf of the plaintiff, Allison offered to settle the case for $20,000.00, and Myers advised Allison that she needed the physical therapist's notes to properly evaluate the claim. This information was sent to her on December 10, 1997. Several weeks later, Myers offered to settle the case for $11,739.00. Plaintiff declined the offer and made a counter-offer of $17,000.00. On January 31, 1998, State Farm indicated that it was willing to arbitrate the case, and Allison agreed to arbitration, selecting names of three arbitrators from the list sent to him by Myers. Nothing was heard from State Farm for over two months, and when Allison called Myers in April, 1998, she said the file had been assigned to another adjuster, Alex Goeldner. Several weeks later, Goeldner advised Allison that before he could arbitrate he needed the orthopedic doctor's notes. Those notes were sent to Goeldner by Allison on May 21, 1998. On June 30, 1998, Goeldner wrote Allison stating he would not arbitrate the case, because he thought the original offer to settle for $11,739.00 was adequate. Goeldner stated he was referring the case to attorney Robert Moore to defend the lawsuit.

By letter dated June 29, 1998, Moore wrote Allison that he would be defending the case on behalf of Bell, but that he had not received a claim file, and he had not verified service of process. Moore stated that he would file a responsive pleading but requested Allison to take no further action without prior notice to him. After not having heard further from Moore, Allison wrote him on August 20, 1998, detailing the problems he had had with three different adjusters and that he wanted to move the case on as quickly as possible. On September 2, 1998, Moore again wrote Allison and notified him that the court jacket reflected that the defendant had not been served with process and that Moore did not have authority from the defendant to waive service of process. Allison thereupon had a pluries summons issued on September 15, 1998, which was more than one year from the date of the issuance of the alias summons issued on July 12, 1997, and defendant was served on September 25, 1998.

On September 30, 1998, Moore, on behalf of Bell, filed a motion to dismiss on the ground that plaintiff's action was barred by the statute of limitations because of plaintiff's failure to comply with Rule 3, Tenn.R.Civ.P. The trial court granted the motion to dismiss, and Crump appeals and presents two issues for review. They are, as stated in his brief:

> I. Was State Farm acting as the agent for its insured, Kimberly Bell,
> when it assumed control of the lawsuit plaintiff filed against her and

the subsequent settlement negotiations.

II. Did State Farm impliedly waive the provisions of Tenn.R.Civ.P. 3 so that it is now estopped to use it as a defense.

We perceive the determinative issue to be whether the defendant is equitably estopped to assert that plaintiff's cause of action is time barred by plaintiff's failure to comply with Rule 3, Tenn.R.Civ.P.

Rule 3, Tenn.R.Civ.P., provides:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. **If process remains unissued for 30 days or is not served within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process** or, if no process is issued, within one year of the filing of the complaint. (Emphasis added).

Appellant concedes by his brief that there was no compliance with the requirements of Rule 3, but asserts that the action of Bell's insurance company, acting for Bell, caused his noncompliance with Rule 3.

The burden of establishing an estoppel rests upon the party who invokes it. *Jenkins-Subway, Inc. v. Jones*, 990 S.W.2d 713 (Tenn. Ct. App. 1998). In *Gitter v. Tennessee Farmers Mut. Ins. Co.*, 60 Tenn. App. 698, 450 S.W.2d 780 (1969), this Court stated the requirements to establish equitable estoppel:

> The essential elements of an equitable estoppel as related to the party claiming the estoppel, are, (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped, and (3) action based thereon of such a character as to change his position prejudicially. *Provident Washington Ins. Co. v. Reese* (1963), 213 Tenn. 355, 373 S.W.2d 613.

*Id.* At 783.

In *Toney v. Cunningham*, No. 02A01-9801-CV-00005, 1999 WL 188291 (Tenn. Ct. App.

April 6, 1999), this Court considered the question of equitable estoppel in connection with the plaintiff's noncompliance with Rule 3. In *Toney*, the plaintiff filed a wrongful death action on May 26, 1995, against Pearcy and Mary Ward, and others. Process was issued the same day to the Wards, but was returned unserved on June 16, 1995. On March 20, 1996, the attorney for the Wards telephoned the attorney for the plaintiff and requested additional time to answer plaintiff's complaint, and it was agreed during this conversation that the Wards would file an answer to the plaintiff's complaint and that no default judgment would be sought or taken against the Wards. On May 22, 1996, Ward's attorney faxed and mailed a letter to plaintiff's attorney stating that the Wards had not been served with process. Thereafter, on July 2, 1996, process was again issued to the Wards, and they were served. The Wards filed an answer on July 17, 1996. Subsequently, the Wards filed motions to quash the process that was served on them and to dismiss the complaint. This motion was granted by the trial court. Plaintiff contended, however, that the Wards should be precluded from asserting lack of service of process as a defense under the doctrine of equitable estoppel arguing that the March 20, 1996 agreement between Toney's counsel and Wards's counsel expressed an intent on the part of the Wards to proceed with the lawsuit, even though they had not been served with process and that Toney relied to her detriment upon the intent expressed by this agreement. Affirming the trial court, the Court noted the elements of equitable estoppel and said:

> In the instant case, we do not think that the actions of counsel for the Wards amounted to a false representation or concealment of material facts. Nor do we think that this conduct was calculated to convey the impression that the facts were in any way different from those subsequently asserted by the Wards. The Wards did not agree to waive service of process or to waive any defense based on the statute of limitations. Rather, the Wards simply agreed to file an answer to Ms. Toney's complaint. Consistent with this agreement, an answer was filed by the Wards on July 17, 1996. Additionally, there is no evidence that, in agreeing to answer Ms. Toney's complaint, the Wards intended to induce Ms. Toney into allowing the statute of limitations to expire. On the contrary, in a letter dated May 22, 1996, counsel for the Wards notified counsel for Ms. Toney that the Wards had not been served with process. On the date that this notification occurred, Ms. Toney could have timely refiled her action against the Wards, thus allowing her to rely on the date of her original complaint for purposes of the statute of limitations. Finally, there is no indication that Ms. Toney did not know or have the ability to discover that the Wards had not been served with process. Although under no obligation to do so, counsel for the Wards notified counsel for Ms. Toney of this fact. Even absent this notification, however, Ms. Toney or her counsel could have readily discovered that the Wards had not been served with process.

> As discussed above, we find that Ms. Toney has failed to

-4-

prove the essential elements of the doctrine of equitable estoppel. Thus, having also found that Ms. Toney failed to comply with the requirements of Rule 3, we hold that the trial court properly granted the Wards' motion to quash the process served on them and dismiss Ms. Toney's complaint.

*Id.* at \*\*3.

In ***Occhipinti v. Stephens***, No. 01A01-9504-CV-00133, 1995 WL 571849 (Tenn. App. Sept. 29, 1995) the only issue before the Court was whether the defendant was estopped to raise the plaintiff's failure to keep this action alive in accordance with Rule 3, Tenn.R.Civ.P. In ***Occhipinti,*** plaintiffs were injured in an automobile accident on December 12, 1991, and early in 1992, their attorney started negotiating a settlement with the defendant's insurance company. Negotiations dragged on through the summer and fall, and plaintiffs' attorney filed a complaint on November 12, 1992, because the statute of limitations was about to run. Summons was issued on November 13, 1992, and a "not to be found" return was made on November 16, 1992. Plaintiffs' counsel took no further action until September 1, 1993, when he had an alias summons issued, which was also returned "not to be found." Finally, plaintiffs obtained service of process through the Secretary of State on November 4, 1993. The trial judge dismissed the case because of plaintiffs' failure to comply with Rule 3. Plaintiffs asserted that the reason they took no action between the return of the first summons and the issuance of the second summons on September 1, 1993[1], was "because the adjuster for the defendant's insurance company led them to believe that it was not necessary to serve the defendant." *Id*. at \*\*1. The record indicated that the adjuster for the insurance company did not refer the case to a lawyer for a defense, because the defendant had not been served with process, and the parties continued to negotiate resulting in an offer by the insurance company to settle on July 27, 1993, which offer was rejected by the plaintiff. Affirming the trial court's dismissal of plaintiffs' action, this Court said:

> The dealings between the parties in the crucial six month period after the filing of the original complaint (which the plaintiffs were careful to file even though the parties were in negotiations) do not make out a case of equitable estoppel. Even viewed in the light most favorable to the plaintiffs, the proof shows only that plaintiffs' counsel assumed that it was not necessary to get the defendant served; and that assumption was based on the fact that the insurance adjuster said it didn't matter to him whether the defendant was served or not. There is no proof that the adjuster knew of any legal reason why the plaintiffs should get the defendant served once the action had been filed. The adjuster testified he was not aware that process had to be

---

[1] At the time the plaintiff filed the complaint, Tenn.R.Civ.P. 3 required issuance of subsequent summonses within six months of prior summonses instead of the one-year period now provided for in the rule.

renewed within six months. We do not think a reasonable person would have concluded from the exchange with the adjuster that the insurance company was waiving any of the legal rights of its insured.

Another reason why the plaintiffs cannot sustain their estoppel argument is the fact that the negotiations between the parties broke down well before a year had passed since the filing of the original complaint. Therefore, the plaintiffs had ample time to refile the action and avoid the statute of limitations problem. Plaintiffs cannot contend that they still thought they were going to settle the case when they chose to obtain new process in an untimely manner rather than refiling the action within the year from the filing of the original action.

*Id.* at **3.

In the case at bar, there is nothing in the record to indicate that State Farm at any time indicated to plaintiff's counsel that there was no need to comply with the provisions of Tenn.R.Civ.P. 3. Plaintiff asserts that he was led to believe that the case would be arbitrated. The insurance policy is not a part of the record in this case, and we are unable to determine if there is anything in the policy provisions that would indicate when an agreement to arbitrate is made it is binding to the extent that all procedural requirements for actions against the insured are waived. There simply is nothing in this record to indicate that representations were made by State Farm to lead Bell's attorney to believe that there was no necessity to comply with Rule 3.

Accordingly, the order of the trial court is affirmed, and this case is remanded to the trial court for such other proceedings as may be necessary. Costs of the appeal are assessed against the appellant, Talmage Crump.